UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| WILLIAM JOSEPH GRAHAM, )<br>)<br>Plaintiff )<br>v. )<br>) Case No.: 3:10-cv-00671-REP<br>CAPIO PARTNERS, LLC )<br>)<br>Defendant. ) | |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES, Defendant Capio Partners, LLC ("CAPIO"), which by and through undersigned counsel, responds to plaintiff's Complaint as follows:

### INTRODUCTION

1. CAPIO admits that plaintiff purports to bring a cause of action pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), but denies any violations, liability or wrongdoing to the extent alleged in ¶ 1.

### JURISDICTION

2. CAPIO admits the allegations in ¶ 2 for jurisdictional purposes only.

### PARTIES

3. CAPIO denies the allegations in ¶ 3 for lack of sufficient information to justify a belief therein.

4. CAPIO admits the allegations in ¶ 4.

5.  CAPIO admits that it engages in the collection of debt. CAPIO also admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection efforts may be regulated by certain provisions of the FDCPA. Except as specifically admitted, CAPIO denies the remaining allegations in ¶ 5.

## STATEMENT OF FACTS

6.  CAPIO denies the allegations in ¶ 6 for lack of sufficient information to justify a belief therein.

7.  CAPIO denies the allegations in ¶ 7 for lack of sufficient information to justify a belief therein.

8.  CAPIO denies the allegations in ¶ 8 for lack of sufficient information to justify a belief therein.

9.  CAPIO admits that its records reflect that telephone calls were placed to the plaintiff's telephone number in an attempt to collect a debt from Melinda Santiago, but denies any liability, violations or wrongdoing to the extent alleged in ¶ 9.

10. CAPIO denies the allegations in ¶ 10 for lack of sufficient information to justify a belief therein.

11. CAPIO admits the allegations in ¶ 11.

12. CAPIO admits that it did not send plaintiff notice pursuant to 15 U.S.C. § 1692g, and further admits that it had no duty or obligation to send such a

notice to plaintiff. Except as specifically admitted, CAPIO denies the allegations in ¶ 12.

13. CAPIO denies the allegations in ¶ 13 as calling for a legal conclusion.

14. CAPIO denies the allegations in ¶14 for lack of sufficient information to justify a belief therein.

15. CAPIO admits that plaintiff does not owe a debt to it upon information and belief. CAPIO denies that it has persisted in attempting to collect a debt from him. Except as specifically admitted, CAPIO denies the remaining allegations of ¶ 15.

16. CAPIO denies the allegations in ¶ 16 for lack of sufficient information to justify a belief therein.

17. CAPIO denies the allegations in ¶ 17 for lack of sufficient information to justify a belief therein.

18. CAPIO denies the allegations in ¶ 18.

19. CAPIO denies the allegations in ¶ 19.

20. CAPIO denies the allegations in ¶ 20.

21. CAPIO denies the allegations in ¶ 21.

22. CAPIO denies the allegations in ¶ 22.

**PRAYER FOR RELIEF**

23. CAPIO denies that plaintiff is entitled to the relief sought.

**FIRST AFFIRMATIVE DEFENSE**

One or more of the Counts contained in the Complaint fail to state a claim against CAPIO upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event CAPIO is found to be a debt collector as defined in FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

### FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of CAPIO, or for whom CAPIO is not responsible or liable.

WHEREFORE, Defendant CAPIO prays that this action be dismissed with prejudice and at Plaintiff's costs, and further that CAPIO be awarded its costs and attorneys fees and any other appropriate relief.

CAPIO PARTNERS, LLC

By: _____"/s/"_____
William D. Bayliss

William D. Bayliss, Esquire (VSB No. 13741)
bbayliss@williamsmullen.com
Brendan D. O'Toole, Esq. (VSB #71329)
botoole@williamsmullen.com
Williams, Mullen, Clark & Dobbins, P.C.
200 South 10th Street
Richmond, VA 23219
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
*Counsel for Capio Partners, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of February, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Plaintiff
William Joseph Graham represented by Dale Wood Pittman
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb St
Petersburg, VA 23803-3212
(804) 861-6000
Fax: (804) 861-3368
Email: dale@pittmanlawoffice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                    "/s/"
                                    William D. Bayliss

William D. Bayliss, Esquire (VSB No. 13741)
bbayliss@williamsmullen.com
Brendan D. O'Toole, Esq. (VSB #71329)
botoole@williamsmullen.com
Williams, Mullen, Clark & Dobbins, P.C.
200 South 10th Street
Richmond, VA 23219
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
*Counsel for Capio Partners, LLC*

13704818_1.DOC